IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00498-IM-1 |
| v. | OPINION AND ORDER |
| ISRAEL PINEDA-VAZQUEZ, | |
| Defendant. | |

Billy J. Williams, United States Attorney, and Kelly A. Zusman, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR, 97204. Attorneys for the United States.

Bryan Francesconi, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 101 SW Main Street, Suite 1700, Portland, OR, 97204. Attorney for Defendant.

**IMMERGUT, District Judge.**

This Opinion and Order addresses Defendant Israel Pineda-Vazquez's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 36. The Government opposes Mr. Pineda-Vazquez's motion on the merits. ECF 41. For the reasons discussed below, the motion is denied.

## BACKGROUND

On September 19, 2018, Oregon State Police and Portland Police Bureau conducted lawful searches of Troutdale motel rooms and a vehicle associated with Mr. Pineda-Vazquez. ECF 29 ¶¶ 14–23. The searches resulted in the discovery and seizure of 4.6 kilograms of methamphetamine, digital scales, and almost $5,000 in cash. *Id*. at ¶¶ 21–24. Mr. Pineda-Vazquez cooperated with law enforcement and was arrested at the scene. *Id*. at ¶¶ 18, 20.

On September 16, 2019, Mr. Pineda-Vazquez pleaded guilty to one count of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). *Id*. at ¶ 1. He was sentenced to sixty-five months of imprisonment, with a five-year term of supervised release to follow. ECF 34. His sentence represented an agreed-upon downward variance based on additional Sentencing Guidelines factors. ECF 41 at 2. Mr. Pineda-Vazquez is currently housed at FCI Sheridan. *Id*. He has completed approximately half of his sentence and has a projected release date of May 1, 2023. *Id*.

Mr. Pineda-Vazquez is thirty-eight years old and has a significant criminal history dating back to 2008. ECF 29 ¶ 41. He has been convicted no less than sixteen times in the past twelve years for offenses including assault, menacing, possession of methamphetamine, felon in possession of a firearm, giving false information for the issuance/service of a citation/warrant, unauthorized use of a vehicle, fleeing from police, interfering with an officer, reckless driving, driving while suspended, and property damage. *Id*. at ¶¶ 41–49.

On April 30, 2020, Mr. Pineda-Vazquez submitted a request for compassionate release with the Warden of FCI Sheridan. ECF 36, Ex. B. He did not receive a response. ECF 36 at 3. Mr. Pineda-Vazquez filed the present motion on July 7, 2020. Mr. Pineda-Vazquez suffers from Type-II diabetes mellitus, hypertension, and hyperlipidemia. ECF 36 at 3. The motion asks this Court to grant compassionate release based on Mr. Pineda-Vazquez's heightened risk of

PAGE 2 – OPINION AND ORDER

complications should he become infected with COVID-19 due to these medical conditions. *Id.* at 1. The Government opposes the motion on the grounds that Mr. Pineda-Vazquez presents an ongoing danger to the public. ECF 41 at 1.

## STANDARDS

### A. Modifying a Term of Imprisonment for Compassionate Release

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A), courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant" reduction, or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Federal Bureau of Prisons ("BOP") could move a district court under 18 U.S.C. § 3582(c)(1)(A) for the compassionate release of a federal prisoner. The First Step Act of 2018 ("FSA") amended § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. *See* First Step Act of 2018, Section 603(b), Pub. L. 115-391, 132 Stat. 5194 (2018). Section 3582(c)(1)(A) now authorizes a district court to reduce a defendant's sentence either: (1) upon motion by the Director of the BOP; or (2) upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Where this exhaustion requirement is met and a defendant is seeking a sentence reduction under § 3582(c)(1)(A)(i), a court may grant the motion if it finds that: (1) "extraordinary and compelling reasons warrant such a reduction"; and (2) "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). If the court finds that both criteria have been met, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. *Id.*

The defendant bears the burden of proof to show that he is eligible for a sentence reduction and that the reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Holden*, 3:13-cr-00444-BR, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020). Even if there are extraordinary and compelling reasons, the grant of a motion for compassionate release is in the sentencing court's discretion. *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020); *United States v. Webster¸* No. 3:91cr138 (DJN), 2020 WL 618828, at *5 (E.D. Va. Feb. 10, 2020).

## DISCUSSION

### A. Exhaustion

Mr. Pineda-Vazquez properly exhausted his administrative remedies by filing the present motion with this Court after a thirty-day lapse from the time he submitted his compassionate release request with the Warden of FCI Sheridan. ECF 36 at 4. The Government concedes that the exhaustion requirement has been met. ECF 41 at 1. Accordingly, this Court will next address the merits of Mr. Pineda-Vazquez's motion.

### B. Extraordinary and Compelling Reasons

Mr. Pineda-Vazquez asserts that his medical conditions constitute extraordinary and compelling reasons for compassionate release when combined with the risks posed by the COVID-19 pandemic for prison populations. ECF 36 at 5–13. The Government does not dispute that Mr. Pineda-Vazquez has a serious health concern and further acknowledges that his medical conditions "might meet the threshold showing [of] 'extraordinary and compelling reasons' warranting a reduction in sentence." ECF 41 at 2. However, the Government urges that

PAGE 4 – OPINION AND ORDER

compassionate release is nevertheless inappropriate given Mr. Pineda-Vazquez's criminal background and history of noncompliance with conditions of supervised release. *Id*. at 2–6.

Congress never defined the phrase "extraordinary and compelling reasons," except to state that "[r]ehabilitation . . . alone" does not suffice. 28 U.S.C. § 994(t). Congress directed the Sentencing Commission to define the phrase. *Id*. The Commission did so prior to the passage of the First Step Act but has not since updated the policy statement. *See* U.S.S.G. § 1B1.13 cmt. n.1. In subsections (A)–(D) of an Application Note to U.S.S.G. § 1B1.13, the Commission enumerated four "reasons" that qualify as "extraordinary and compelling":

> (1) the medical condition of the defendant (defined as whether the defendant is suffering from a terminal illness; or is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover");

> (2) the age of the defendant (defined as whether the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less);

> (3) family circumstances (defined as the death or incapacitation of the caregiver of the defendant's minor child or minor children or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner); and

> (4) any other extraordinary and compelling reason determined by the Director of the BOP.

*Id*.

Most district courts, including this Court, that have considered the present applicability of the policy statement have held that it "provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)(i)." *United States v. Beck*, 425 F. Supp. 3d 573, 579

(M.D.N.C. 2019); *see also, e.g., United States v. Dana*, 3:17-cr-148-SI, 2020 WL 3056791, at *2 (D. Or. June 9, 2020) (finding that U.S.S.G. § 1B1.13 as currently written "does not constrain the Court's ability to find extraordinary and compelling reasons.").

This Court acknowledges the exceptional nature of the COVID-19 global health crisis that has taken the lives of more than 189,000 people in the United States alone. When a defendant has a chronic medical condition that may substantially elevate the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may reasonably be found to be both serious and capable of substantially diminishing the ability of the defendant to provide self-care within the environment of a correctional facility, although that condition would not have constituted an extraordinary and compelling reason absent the heightened risk of COVID-19. *See generally* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(1).

Even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny such claims from inmates with serious medical conditions absent a showing of truly exceptional circumstances. *United States v. Hamman*, 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020). In support of his motion, Mr. Pineda-Vazquez cites to recent cases where compassionate release motions were granted in part due to the presence of medical conditions similar to his own combined with the threat of COVID-19. ECF 36 at 8–11. The cases cited, however, are readily distinguishable from that of Mr. Pineda-Vazquez. For example, in *United States v. Barber*, a defendant with diabetes who was granted compassionate release was being housed at a prison with nearly 900 positive cases of COVID-19 and had already tested positive himself. 6:18-cr-00446-AA, 2020 WL 2404679, at *4 (May 12, 2020).[1]

---

[1] Mr. Pineda-Vazquez also points to *United States v. Etzel*, 6:17-cr-0001-AA, 2020 WL 2096423, at *4 (D. Or. May 1, 2020), where the defendant granted compassionate release required urethrotomy surgery to treat a deteriorating urinary issue in addition to suffering from

While this Court recognizes the serious concerns presented by Mr. Pineda Vazquez's medical conditions when combined with the threat of COVID-19, it must balance those concerns with a careful consideration of any potential danger to the safety of others or the community should he be released and the factors set out in § 3553(a).

### C. Safety of Other Persons and the Community

The Government argues that Mr. Pineda-Vazquez's significant criminal background and history of noncompliance with conditions of supervised release render him an ongoing threat to the safety of others and the community. ECF 41 at 2–6. This Court agrees.

As set forth above, Mr. Pineda-Vazquez has a substantial criminal history. He has been convicted at least sixteen times over the course of twelve years for various offenses. ECF 29 ¶¶ 41–49. Of perhaps even greater concern to this Court, however, is Mr. Pineda-Vazquez's history of noncompliance with court-ordered terms of supervision. Mr. Pineda-Vazquez violated his probation in both 2009 and 2012. *Id*. at ¶ 42. His probation was revoked in 2009, 2013, 2015, and 2016. *Id*. at ¶¶ 41, 44, 45, 47. He also failed to appear in 2018 when charged with driving with a suspended license and unlawful possession of methamphetamine. *Id*. at ¶ 54. Against the backdrop of his consistent defiance of court orders, the court detained Mr. Pineda-Vazquez as a flight risk and "danger to the community" following his arrest on his most recent charges before his guilty plea. ECF 5.

Given Mr. Pineda-Vazquez's lengthy criminal record and history of reoffending while on probation or supervised release, this Court has no confidence that supervision will be successful

---

hypertension, Hepatitis C, coronary and cardiac issues, and chronic bronchitis; and *United States v. Joling*, 6:11-cr-60131-AA, 2020 WL 1903280, at *4 (D. Or. Apr. 17, 2020), where the defendant granted release was being held at a prison with "the highest number of coronavirus cases of any federal correctional complex in the United States" and suffered from hypertension, atherosclerosis, transient ischemic attacks, and had recently undergone treatment for cancer.

now. *See United States v. Dean*, 3:18-cr-00119-SI, 2020 WL 3073199, at *6 (D. Or. June 10, 2020) (finding that defendant's repeated history of committing criminal offenses while on supervised release rendered him a danger to the community).

### D. Section 3553(a) Factors

Finally, the factors set forth in 18 U.S.C. § 3553(a) also caution against Mr. Pineda-Vazquez's release. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

For many of the aforementioned reasons pertaining to Mr. Pineda-Vazquez's extensive criminal history and defiance of court-ordered conditions of release, this Court finds that the applicable section 3553(a) factors weigh against compassionate release at this time. Mr. Pineda-Vazquez still has approximate thirty-two months left on a sentence which already represented a downward variance on the Sentencing Guideline range applicable for his conviction. ECF 41 at 2.

This Court has considered all the relevant factors for compassionate release. Based on Mr. Pineda-Vazquez's significant criminal record, history of reoffending while on supervised release, and the fact that he has only served about half of his sentence, this Court concludes that Mr. Pineda-Vazquez has not met the high burden of proving his case warrants compassionate release.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence, ECF 36, is DENIED.

**IT IS SO ORDERED**.

DATED this 8th day of September 2020.

/s/ Karin J. Immergut

Karin J. Immergut

United States District Judge
